UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Niyom Souvannasot, )
 )
    Plaintiff, )
 )
v. ) Civil Action No. 19-1688 (UNA)
 )
Dr. Elizabeth Harvey *et al.*, )
 )
    Defendants. )

**FILED**
JUN 2 1 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* "Motion," docketed as a complaint and accompanied by an application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

1

Plaintiff is a resident of Joliet, Illinois, who has sued a medical doctor and a hospital in Plainfield and Naperville, Illinois, respectively. Plaintiff claims "medical negligence," "hospital malpractice," and "Federal Law violation."[1] Compl. at 1. Plaintiff's vaguely worded factual allegations do not present a federal question, and diversity jurisdiction is lacking because the plaintiff and the defendants presumably are citizens of the same State. Therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: June  21 , 2019

/s/ J. Boasberg
United States District Judge

---

[1] Plaintiff has not cited the federal law defendants are supposed to have violated. But "[n]o private cause of action exists under the federal health care fraud statute, 42 U.S.C. § 1320a–7b; only the federal government may bring lawsuits for the recovery of loss caused by alleged Medicare fraud." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 78 (D. Conn. 2007) (citing *United States ex rel. Barrett v. Columbia/HCA Health Care Corp.*, 251 F. Supp. 2d 28, 37 (D.D.C. 2003) (other citations omitted)).